UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X                                      **C/M**
                                                         :
UNITED STATES OF AMERICA,                                :     **MEMORANDUM**
                                                         :     **DECISION AND ORDER**
                                                         :
            - against -                                  :     17-cr-432 (BMC)
                                                         :     19-cv-6528 (BMC)
                                                         :
LASHAWN WILLIAMS,                                        :
                                                         :
                            Defendant.                   :
                                                         :
-------------------------------------------------------- X

**COGAN**, District Judge.

Presently before me is defendant's motion for habeas corpus relief under 28 U.S.C. §
2255, in which he seeks to vacate his conviction and sentence based on United States v. Davis,
139 S. Ct. 2319 (2019). Defendant was convicted of a Hobbs Act robbery, 18 U.S.C. § 1951(a),
and for possessing and brandishing a firearm during a crime of violence, in violation of 18
U.S.C. § 924(c)(1)(A)(iii). On July 2019, I sentenced him to 147 months' imprisonment.

Defendant's motion raised four arguments: (1) his conviction and sentence under §
924(c), predicated on a substantive Hobbs Act robbery, was "unconstitutionally vague" under
Davis, and thus violated his due process; (2) his trial counsel rendered ineffective assistance
under the Sixth Amendment for failing to contest or object to defendant's "unconstitutionally
vague" § 924(c) charge at his guilty plea; (3) his trial counsel was ineffective at sentencing for
failing to challenge the "constitutionality" of the underlying "crime of violence" finding in light
of Davis; and (4) his trial counsel was ineffective for failing to file a direct appeal, despite

defendant's specific instruction that one be filed. His claims are without merit and the motion is therefore denied.

Defendant's first argument is barred by his plea agreement in which he agreed not to file a direct appeal or bring a collateral challenge under 28 U.S.C. § 2255 to any sentence below 181 months. "A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016). Collateral relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Another exception is "where the waiver was not made knowingly, voluntarily, and competently." United States v. Burden, 860 F.3d 45, 51 (2d Cir. 2017).

Here, defendant signed a plea agreement expressly waiving his right to file a direct appeal or collaterally attack his sentence should he receive a sentence under 181 months (which he did). The Magistrate Judge meticulously went through each part of the waiver with defendant and asked if he understood, and defendant agreed that he did. Further, during the plea proceeding, defendant confirmed that no one had forced or threatened him to sign the plea agreement and that no one had offered him any inducements or made any promises to sign the plea agreement (other than what was set forth on the record or in the agreement itself). Accordingly, the waiver covers the collateral attack defendant seeks to make here. See United States v. Lewis, 735 F. App'x 28, 29 (2d Cir. 2018).

In any event, the Second Circuit has squarely rejected defendant's contention that Davis affected his conviction and sentence. See United States v. Walker, 789 F. App'x 241, 245–245

(2d Cir. 2019).  In <u>Walker</u>, the Second Circuit noted that its prior holding in <u>United States v. Hill</u>, 890 F.3d 51, 53 (2d Cir. 2018), in which it held "that substantive Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A), is unaffected by <u>Davis</u> … and remains binding[.]"  In other words, although <u>Davis</u> held that a *conspiracy* to commit a Hobbs Act robbery does not qualify as a predicate "crime of violence" to support a conviction under § 924(c), its holding did not affect convictions, like defendant's, predicated on a *substantive* Hobbs Act robbery.

Therefore, even if defendant's waiver did not bar him from challenging his § 924(c) sentence, his motion would still fail on its merits.

Defendant's second and third arguments need not detain us long.  As discussed above, <u>Davis</u> did not affect substantive Hobbs Acts robbery convictions and sentences, and thus trial counsel's decision not to raise such meritless objections at defendant's guilty plea and sentencing could not have fallen below the "objective standard of reasonableness" under the "prevailing professional norms."  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 693–94 (1984).

Defendant's fourth assertion that his trial counsel failed to file a direct appeal as instructed requires separate consideration, because even if a defendant waives his right to appeal, counsel must still file a notice of appeal if the defendant instructs him to do so.  <u>See</u> <u>United States v. Gomez-Perez</u>, 215 F.3d 315, 319 (2d Cir. 2000).  If counsel fails to do so, prejudice is presumed, and "the defendant will be entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit."  <u>See</u> <u>Campusano v. United States</u>, 442 F.3d 770, 771–72 (2d Cir. 2006).  Where, as here, a defendant alleges that he asked his counsel to file an appeal, he is usually entitled to a hearing to determine whether he did, in fact, make such a request.  <u>See</u> <u>id.</u> at 776.

3

The hearing, however, need not be testimonial.  Rather, a district court has substantial discretion to determine how to develop the record and may rely solely on letters, documentary evidence, and affidavits.  See Chang v. United States, 250 F.3d 79, 85–86 (2d Cir. 2001) (citation omitted).  Although a petition may not be summarily denied if there is a factual dispute, a court may resolve disputed facts on the basis of written submissions if in-person testimony would add little or nothing to the written submission, including when a defendant "proffer[s] a generic claim … based solely on [his] own highly self-serving and improbable assertions."  Id.

A testimonial hearing is not warranted here because trial counsel's sworn declaration, together with the overall context, including plea agreement, plea hearing and sentencing hearing, are sufficient to overcome defendant's self-serving and unsupported claim.  See Padin v. United States, 521 F. App'x 36, 38 (2d Cir. 2013).  In light of defendant's accusation, I directed his trial counsel, Mr. Kevin Kearon, to submit a sworn declaration regarding defendant's alleged request that an appeal be filed.  In his declaration, Kearon categorically denied that any such request was ever made.  Nor did he ever "receive any communication by any means from any person making such a request."  He acknowledges that he was aware of Davis at the time of defendant's sentencing, and that had he believed it was applicable to defendant's case, he would have raised the issue.  Kearon's declaration – consistent with the plea agreement, plea hearing, and sentencing – is eminently credible.

The same cannot be said of defendant's affidavit.  Defendant claims that on the day of his sentencing, he was also aware of the Davis case and raised the issue with Kearon.  He claims that he asked Kearon whether the recent Supreme Court decision applied to his case.  According to defendant, Kearon readily admitted that it did, but replied that it "does not matter" because a plea

4

had already been entered.  Defendant reiterates that he nevertheless instructed his counsel to file an appeal "just in case."

I do not find this credible for several reasons.  Kearon unequivocally denies this happened.  Nor did defendant ever seek to withdraw his guilty plea at any point between the time Davis was issued and his sentencing proceeding.  Also, before this instant motion, defendant has never suggested to the Court that he intended to file an appeal.

Defendant's elaborate narrative requires too many assumptions to accept it over Kearon's more plausible explanation that defendant simply did not seek an appeal in accordance with his plea agreement's appeal waiver.  To credit defendant's recollection over Kearon's, I would have to believe that Kearon came to the erroneous conclusion that Davis applied to defendant's case; that on the day of sentencing, Kearon readily and unequivocally conceded to defendant that Davis did, in fact, apply to defendant's case but brushed it off because it "does not matter"; that Kearon received specific direction from defendant to file an appeal on such basis "just in case"; and that Kearon simply chose to disregard his client's instruction for the sake of preserving a plea deal.

I see no reason why Kearon would disregard his client's directive right after supposedly giving him the very reason to abruptly want to file such an appeal.  Had Kearon truly sought to dissuade defendant from withdrawing his guilty plea, the very last thing he should have done was to give his client any glimmer of hope (and reason to appeal), thereby jeopardizing the plea deal and likely setting himself up for an allegation of ineffective assistance of counsel.

Defendant also contends that he was going to raise the issue with the Court at sentencing and let it be known that he intended to appeal, but that he was reluctant to "make the judge

angry, so [defendant] let it go." But why would he need to raise the issue with the Court if he had already unambiguously instructed Kearon to file a direct appeal "just in case"?

In addition, defendant's statement that he didn't disclose his intent to appeal at sentencing in fear of "mak[ing] the judge angry" is not credible. There is no basis set forth for defendant's expectation of anger. Every district judge is accustomed to appeals being taken in criminal cases, unless there is an appeal waiver, and even where there is an appeal taken with an appeal waiver, it is of no concern to any district judges that I know and certainly of no concern to me. Defendant's claim that he held back and was not forthcoming at sentencing for fear of "angering" me and receiving a less lenient sentence is not credible.

During his guilty plea, defendant and Magistrate Judge Bloom had the following exchange:

> The Court: By pleading guilty, you will not, except under limited and rare circumstances, be able to challenge your judgment of conviction. Do you understand?
>
> The Defendant: Yes.
>
> The Court: Again, under the plea agreement, you have limited your right of appeal by agreeing not to file any appeal if sentenced to a term of imprisonment of 181 months or below. Do you understand?
>
> The Defendant: Yes.
>
> The Court: Mr. Williams, do you have any questions you would like to ask me about the charge, your rights, or anything else relating to this matter?
>
> The Defendant: No, ma'am.

In addition, at sentencing, I reinforced defendant's understanding of his appeal waiver and notified defendant that it was up to him to make sure an appeal was filed within 14 days:

> The Court: Mr. Williams, you have waived your right to appeal your conviction and the sentence I have just imposed by pleading guilty, but if you think there is something fundamentally wrong about either one of those things, you can try to

appeal.  If you do want to appeal, you have to get what is known as a Notice of Appeal filed in 14 days from the day that I entered judgment.  Mr. Kearon will do that for you if you ask him.  You can get the one-page form and do it yourself or you can certify to the clerk of court that you can't afford a lawyer and the clerk will do it for you, ***but no matter how you delegate it, it remains your responsibility and no one else's to make sure that it gets filed within 14 days*** if you want to try to appeal because if it's not in those 14 days, then you will not have a chance to appeal at all.

(Emphasis added.)  Based on the plea and sentencing transcripts, is obvious that defendant was aware that he would not be permitted to file an appeal should he receive a sentence below 181 months, and at no point between his guilty plea and sentencing did defendant ever suggest to the Court that his understanding had changed.

At bottom, defendant's claim is a "generic" one that can be (and often is) made in any case in which the defendant fails to file an appeal.  Chang, 250 F.3d at 86.  That is not enough to warrant an evidentiary hearing, let alone relief, based on the credible affidavit from Kearon, which unambiguously states that defendant did not request to file an appeal; that in the plea agreement, defendant unequivocally waived the right to appeal the sentence he ultimately received; that the plea and sentencing transcripts make clear that defendant understood his rights; and that the record refutes defendant's self-serving claim that he instructed Kearon to file an appeal, in direct contradiction to the plea agreement's appeal waiver.  Thus, the totality of the evidence in the record supports a finding that defendant did not request that an appeal be filed.  See Beckford v. United States, No. 13-cv-2208, 2017 WL 4286615, at *4 (E.D.N.Y. Sept. 26, 2017).

Defendant's motion [147] for habeas corpus relief is therefore denied.  As it raises no substantial constitutional issue, a certificate of appealability shall not issue.  See 28 U.S.C. §

2253(c).  Because an appeal from this Order would not be taken in good faith, *in forma pauperis*

status is denied for purposes of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       May 18, 2020